UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                Plaintiff,<br><br>    v.<br><br>ALBERTO GAMBOA,<br>                Defendant. | NO. CR-05-6045-EFS<br><br>**ORDER DENYING DEFENDANT'S MOTION TO QUASH AND DISMISS INDICTMENT, AND TO SUPPRESS EVIDENCE** |

On September 18, 2006, the Court conducted a pretrial conference in the above-captioned case. Appearing before the Court was Defendant Alberto Gamboa, who was represented by David Miller, and Robert Ellis on behalf of the Government. Oral argument was heard on the Motion of Defendant, Alberto Gamboa, to Quash and Dismiss Indictment, and to Suppress Evidence (Ct. Rec. 46). After reviewing the submitted materials and applicable authority and hearing oral argument, the Court was fully informed. This Order serves to memorialize and supplement the Court's oral ruling denying Defendant's motion.

**I. Background**

On September 29, 2005, the Tri-City Metro Drug Task Force ("MDTF") and FBI, for the purpose of corroborating a female confidential informant's ("CI's") claim that Defendant Alberto Gamboa was engaged in illegal drug distribution, used the CI to set up a "controlled buy" with Defendant. Based on statements contained in police reports, Defendant

ORDER ~ 1

claims the MDTF and FBI agents (the "agents") searched the CI and found her to be free of any drugs, money, or contraband prior to the controlled buy. The CI was then issued $600.00 in prerecorded buy money. The Defendant explains that the police reports do not indicate whether the CI's vehicle was searched prior to the CI leaving to meet Defendant to complete the controlled buy. However, in its response, the Government alleges the CI's vehicle was also searched. At least one of the police reports notes a search of the CI's car prior to the controlled buy.

Defendant further explains that the police reports indicate the agents were unable to keep the CI in constant surveillance and that she was momentarily out-of-view both prior to and after the time a "Hispanic male," believed to be Defendant, entered the CI's vehicle at the designated buy location in Pasco. Following the purported drug transaction, the CI returned to the agents, where allegedly (1) she was searched again; (2) the $600.00 buy money was not found; and (3) the CI was found in possession of approximately 14.80 grams of a substance later determined to be cocaine/cocaine base. Thereafter, no steps were taken to apprehend Defendant and the $600.00 buy money was never recovered.

On October 7, 2005, a materially similar second controlled buy was conducted in which the same procedures used in the first controlled buy were implemented and same CI was used. After the second controlled buy, the CI returned to the agents with approximately 13.70 grams of cocaine/cocaine base and none of the $600.00 buy money. Again, no steps were taken to immediately apprehend Defendant. Instead, the Government took steps to obtain an indictment against Defendant, which was ultimately issued by a grand jury on November 9, 2005 (Ct. Rec. 1).

ORDER ~ 2

Thereafter, an arrest warrant was issued for Defendant on November 10, 2005, and Defendant was ultimately taken into custody on January 29, 2006. (Ct. Recs. 4 & 5.)

**II. Analysis and Conclusion**

"The Fifth Amendment vests the grand jury with responsibility for determining 'whether there is probable cause to believe a crime has been committed and [for] . . . protect[ing] . . . citizens against unfounded criminal prosecutions.'" *United States v. Bruce*, 394 F.3d 1215, 1230-31 (2005) (quoting *United States v. Calandra*, 414 U.S. 338, 343 (1974)). "The grand jury's decision to indict or not is unreviewable in any forum; its decision is final." *United States v. Navarro-Vargas*, 408 F.3d 1184, 1201 (2005) (citing *Costello v. United States*, 350 U.S. 359, 362-63 (1956)).

In this case, a federal grand jury indicted Defendant on the two controlled substance distribution charges found in his Indictment. (Ct. Rec. 1.)  Thus, the grand jury, after considering the evidence presented by the Government, determined probable cause exists to believe Defendant distributed cocaine base on or about September 29, 2005, and October 7 2005. *See id.*  These decisions are unreviewable. *See Navarro-Vargas*, 408 F.3d at 1201.  Thus, Defendant's instant claim that probable cause to charge and/or arrest him for the crimes listed in his Indictment is an act of futility.  Accordingly, because Defendant offers no legal basis, aside from attacking the sufficiency of the evidence offered against him, that supports a conclusion that the charges against him should be dismissed or that evidence should be suppressed, Court dismisses Defendant's motion.

ORDER ~ 3

Moreover, Defendant's claim that the agents' controlled buy procedures were legally deficient is unsupported. The only case offered for this proposition is a District of South Carolina order in which that court recites a testifying officer's understanding of what a "traditional" controlled buy entailed. *See United States v. Clyburn,* 806 F. Supp. 1247, 1249 n.2 (D.S.C. 1992). Not only does this case have no binding authority here, it does stand for the proposition for which it is cited. Defendant's complaints concerning the agents' (1) failure to adequately search the CI's vehicle, (2) inability to observe the CI at all times, and (3) decisions to not arrest Defendant to recover the controlled buy money, go to the weight and not the admissibility of the evidence or the issue of whether probable cause existed.

Accordingly, **IT IS HEREBY ORDERED:** The Motion of Defendant, Alberto Gamboa, to Quash and Dismiss Indictment and Suppress Evidence **(Ct. Rec. 46)** is **DENIED.**

**IT IS SO ORDERED.** The District Court Executive is directed to enter this order and to provide copies to counsel.

**DATED** this ____20th____ day of September 2006.

                                S/ Edward F. Shea
                                  EDWARD F. SHEA
                          United States District Judge

Q:\Criminal\2005\6045.PTC.2.wpd

ORDER ~ 4